# CASES

IN THE

# APPELLATE COURTS OF ILLINOIS

## FIRST DISTRICT—OCTOBER TERM, 1895.

### H. Ockenholdt v. Charles Frohman.

1. CONVEYANCES—*What Passes.*—A conveyance of one's right, title and interest conveys nothing, unless the grantor had some right, title or interest in the thing conveyed.

2. PROPERTY — *In Literary Productions.*—An author at common law owns his literary production, but may sell it or lose his property in it by publication.

3. PLEADING — *Averments of Ownership.* — An averment that the plaintiff, " and no other person, has any right," etc., is no averment of a fact, but of a mere conclusion.

Bill for an Injunction.—Error to the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in this court at the October term, 1895. Reversed and remanded with directions. Opinion filed October 17, 1895.

GEORGE FRANTZEN and ALBERT H. TYRRELL, attorneys for plaintiff in error, contended that the exclusive right to represent any play is given by the common law before publication, and by statutes after publication by copyright. The law is well settled to the effect that by publication in print the owner's common-law property is lost, and that in a work so published he has no other right than that secured by statute. Hence, a dramatist may have a statutory but no common law right to the exclusive representation of a drama which he has published in print. Drone on Copyright, 554;

(300)

Rees v. Peltzer, 75 Ill. 475; Wheaton v. Peters, 8 Pet. (U. S.) 591; Stowe v. Thomas, 2 Wal., Jr. (U. S.), 547; Stevens v. Gladding, 17 How. (U. S.) 447.

And this doctrine is true whether the publication be made in one country or another; whether in the United States or Europe. Drone on Copyright, 577.

The use by the defendants of a manuscript surreptitiously obtained must be alleged in the complainant's bill. Keene v. Wheatley, 9 Am. Law Reg. 33; Keene v. Kimball, 16 Gray (82 Mass.) 545.

To entitle the complainant to an injunction without notice, the allegations of the bill should be upon absolute knowledge, and not upon information and belief. Injunctions should rarely, if ever, be granted without notice. Phelps v. Foster, 18 Ill. 309.

In stating that irreparable injury will be done, the facts and circumstances must be stated to show it. It must be shown that defendant is insolvent. To state that defendant is of no pecuniary responsibility, is not sufficient. Payer v. Village of Des Plaines, 20 Ill. App. 30; Owens v. Cross, 105 Ill. 354.

Bulkley, Gray & More, attorneys for defendant in error, contended that the author of an unpublished manuscript has in it at common law an exclusive right of property, the violation of which may justly be protected by injunction. Palmer v. DeWitt, 7 Robt. (N. Y.) 530.

Copyright before publication is the exclusive privilege of first publishing any original material, the product of intellectual labor. Its possession is property, and the violation of it is an invasion of property, and it depends entirely on common law. Phillips on the Law of Copyright, 2.

In declaring the rules of law and applying legal remedies for the redress and prevention of wrong there is no distinction between the right of the banker to his bills and bonds embezzled and found in the possession of the wrongdoer, and the right of the author to his manuscript, clandestinely and surreptitiously taken and brought out for pub-

lication, to his prejudice, and destruction of all its value as property. Both may resort to the courts for protection of such rights of property, and are entitled to the remedies given by the law. Palmer v. DeWitt, 7 Robt. (N. Y.) 530; see also Palmer v. DeWitt, 2 Sweeney (N. Y.) 558; Crowe v. Aiken, 2 Biss. 208; French v. Connelly, 1 N. Y. Weekly Di. 396; Bartlette v. Crittenden, 4 McL. 300.

MR. PRESIDING JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

This writ is prosecuted from a decree enjoining the plaintiff in error perpetually from producing the play called "Charley's Aunt," until the further order of the court. The paragraph of the bill which alleges the right of the defendant in error to the play, is as follows : "That among his recent purchases was a play which has acquired great popularity in the United States, known under the name of "Charley's Aunt," and which is advertised by him wherever the same has been produced by the striking and novel picture of a laughing cat; that the complainant acquired the said play and exclusive right to represent the same in the United States and Canada, direct from the author, Brandon Thomas, who sold to him for a large sum, all his right, title and interest therein and to the stage rights thereof, and that the complainant and no other person or persons has any right in and to the same in the United States and Canada."

Then it avers that the unlicensed, unauthorized and fraudulent representation of the play "Charley's Aunt," is now threatened at a hall in this city, known as Scandia Hall, located on Ohio street, just off Milwaukee avenue.

That the production is advertised as the said play of the said author, Brandon Thomas, and is accompanied upon all advertisements with the picture of the laughing cat, and is advertised under its bill, "Charley's Aunt."

And then charges the plaintiff in error with that wrong-doing.

Now, a conveyance of one's "right, title and interest" conveys nothing, unless the grantor had some right, title or interest. Frank v. Darst, 14 Ill. 304.

Ockenholdt v. Frohman.

It is conceded that an author, at common law, owns his literary production, but may sell it, or lose his property in it by publication.

In this bill there is no averment, but only a vague phrase which might, in ordinary conversation, import that Brandon Thomas was the author of the play, and there is not, even by recital, any statement of facts that tends to show that at the time of the supposed sale he had any "right, title and interest" in the play.

The averment that the defendant in error "and no other person has any right," etc., is no averment of fact, but of a mere conclusion. Positive averments of facts are necessary. High Inj., Sec. 34.

The decree was made upon the bill alone, the plaintiff in error having demurred to it, and when the demurrer was overruled, abiding by it. Two of the assigned causes of demurrer were:

"First. The bill does not aver that the said Brandon Thomas sold the exclusive right to represent said play in the United States and Canada to said complainant. It only avers that he sold all his right, title and interest therein. From all that appears from the bill, all of said author's right may have been conveyed before that time.

Second. The bill avers that no other person or persons except complainant has any right in and to the said play in the United States and Canada. This is both argumentative and a conclusion."

We regard these causes as well assigned. If Black v. Henry G. Allen Co., 42 Fed. Rep. 618, is to be read to the contrary, we can not follow it; more especially as there is no direct averment that Thomas was the author of the play.

On the hearing of the demurrer, any good cause going to the substance of the bill, was available to the plaintiff in error. 1 Dan. Chy. 588.

In our judgment the bill is insufficient. The decree is reversed and the cause remanded, with directions to dissolve the injunction.